COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


THOMAS LEROY LIPSCOMB
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2202-96-3        JUDGE NELSON T. OVERTON
                                           JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                      William W. Sweeney, Judge

            Jonathan S. Kurtin (Harvey S. Lutins; Lutins,
            Shapiro & Kurtin, on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.



     Thomas L. Lipscomb (defendant) was found guilty by a jury of

distribution of cocaine in violation of Code § 18.2-248 on June

30, 1995.  During its deliberations, the jury asked to rehear an

audiotaped recording of the drug sale which formed the basis of

defendant's conviction.  Defendant now appeals, ascribing error

to the trial court's decision to allow the jury to listen to the

tape.  Because we find no error by the trial judge in allowing

the jury to have the audiotape, we affirm the conviction.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     The audiotape at issue was offered into evidence by the

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

prosecution after foundation was laid by Special Agent Langhorne of the Department of State Police and Melody Little, a party to the drug sale at issue.  See Witt v. Commonwealth, 15 Va. App. 215, 220, 422 S.E.2d 465, 469 (1992) (holding that as long as a proper foundation is laid, audiotapes may be admitted into evidence).  Defendant had several opportunities to object to the tape being entered into evidence, yet he declined to act. Because no timely, contemporaneous objection was made, we decline to address the issue of whether the tape should have been allowed into evidence, and we assume it was properly admitted.  Rule 5A:18.

After it is determined that the tape was in evidence, the plain terms of Code § 8.01-381 govern our decision.  Code § 8.01-381 states explicitly that "[e]xhibits requested by the jury shall be sent to the jury room or may otherwise be made available to them."  After exhibits are entered into evidence, the trial court has no other option but to give them to the jury upon request.  Indeed, it would have been an abuse of discretion if the trial court had not given them the tape.  Because the record is clear that the jury requested the audiotape, the trial court's action was proper.

For the foregoing reasons, we affirm defendant's conviction.

Affirmed.

2